UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2005 SEP 29 P 2: 16

CLERK
U.S. BANKRUPTCY COURT
EASTERN MI-DETROIT

IN RE:

Daniel K. Lindstrom and Cheryl Lindstrom,

      Debtors.
_____/

Case No. 05-53847
Chapter 7
Hon. Phillip J. Shefferly

## OPINION SUSTAINING TRUSTEE'S OBJECTIONS TO DEBTORS' EXEMPTIONS

I.

This matter is before the Court upon the Chapter 7 Trustee's objections to the Debtors' exemptions in their residence. A hearing was held on September 23, 2005 and the Court took the matter under advisement at that time. This is a core proceeding pursuant to 28 U.S.C. § 156(b)(2)(B) over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334. For the reasons set forth in this opinion, the Court sustains the Trustee's objections.

II.

Daniel and Cheryl Lindstrom filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 29, 2005. As permitted by § 302(a) of the Bankruptcy Code, because they are married, they filed a single petition, which commenced a joint bankruptcy case. On Schedule A, the Debtors listed their residence at 19726 Nicke, Clinton Township, Michigan as the only real property that they owned. Schedule A recited that the Debtors owned this property in "fee simple," it had a current market value of $116,000, and there was an outstanding secured claim against it in the amount of $64,000. On Schedule C, the Debtors elected to take state law exemptions pursuant to § 522(b)(2) of the Bankruptcy Code. One of the exemptions they listed was their residence. Like

Schedule A, Schedule C showed a current market value of the residence of $116,000. The Debtors stated the value of their exemption in the residence in the amount of $52,000, which is the full amount of the equity in the residence after deducting the amount of the secured claim shown by the Debtors on Schedule A. On Schedule C, the Debtors cited to Mich. Comp. Laws Ann. § 600.5451(1)(n) as the law entitling them to take this exemption.

The Trustee filed an objection to the Debtors' exemption in their residence. The Trustee states that Debtors' claimed exemption exceeds the maximum permitted exemption under Mich. Comp. Laws Ann. § 600.5451(1)(n) by $22,000. According to the Trustee, the statute cited permits a maximum exemption for the Debtors in the residence of $30,000.

III.

Mich. Comp. Laws Ann. § 600.5451(1) was enacted into law on January 3, 2005. The statute created a new "Chapter 54A" of the Revised Judicature Act of 1961.[1] Chapter 54A has no predecessor in Michigan law. It is titled simply "Bankruptcy." Mich. Comp. Laws Ann. § 600.5451(1)(n) provides as follows:

> A debtor in bankruptcy under the bankruptcy code, 11 USC 101 to 1330, may exempt from property of the estate property that is exempt under federal law or, under 11 USC 522(b)(2), the following property:
>
> . . .
>
> (n) The interest of the debtor, the codebtor, if any, and the debtor's dependents, not to exceed $30,000 in value or, if the debtor or a dependent of the debtor at the time of the filing of the bankruptcy petition is 65 years of age or older or disabled, not to exceed $45,000.00 in value, in a homestead.

---

[1] Michigan has long had a statute that identifies property that is "exempt from levy and sale under any execution," Mich. Comp. Laws Ann. § 600.6023. That statute also remains in effect.

The Debtors argue that the "plain language" of this statute permits each of them to take an exemption in the residence up to $30,000 which, when added to each other's exemption, permits a total exemption of up to $60,000. Because there is only $52,000 of equity in the residence, that is all that the Debtors have exempted. On the other hand, the Trustee argues that the "plain language" of the statute prohibits the Debtors from "doubling" their $30,000 permitted exemption, and instead sets $30,000 as a maximum combined exemption for all of the "interest of the debtor, the codebtor, if any, and the debtor's dependents." Therefore, the Trustee asserts that the Debtors are only permitted to exempt an aggregate $30,000 in their residence.

As stated by the U.S. Supreme Court in Lamie v. U.S. Trustee, 540 U.S. 526, (2004), "[i]t is well established that 'when the statute's language is plain, the sole function of the court -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms.'" 540 U.S. at 534 (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, (2000)). The Court's task then is to ascertain whether the Michigan statute's language is plain, and, if so, apply it to the facts in this case.

The starting point for this task is the prefatory paragraph in Mich. Comp. Laws Ann. § 600.5451(1). It has two important features. First, it limits the statute's application to one who is a debtor in a bankruptcy case; and, second, it only pertains to property that is property of the bankruptcy estate. If one is not a debtor in a bankruptcy case, the statute has no application. Even if one is a debtor in a bankruptcy case, the statute only addresses what property that debtor may exempt from property of that debtor's bankruptcy estate.

Daniel and Cheryl Lindstrom are each debtors in a bankruptcy case. To determine what makes up their bankruptcy estates requires resort to § 541 of the Bankruptcy Code. Section

-3-

541(a)(1) provides that the estate of a debtor is "comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although Daniel and Cheryl Lindstrom filed a joint petition as permitted by § 302 of the Bankruptcy Code, each of the Debtors in this joint case still has his or her own bankruptcy estate made up of his or her own property interests as provided by § 541(a)(1). See Bunker v. Peyton (In re Bunker), 312 F.3d 145, 150-51 (4th Cir. 2002) (finding that a joint case creates separate estates); Reider v. Federal Deposit Insurance Corp. (In re Reider), 31 F.3d 1102, 1109 (11th Cir. 1994) (finding there is no automatic substantive consolidation of estates in a joint case); In re Gale, 177 B.R. 531, 534-35 (Bankr. E.D. Mich. ) (J. Spector) (collecting cases "recogniz[ing] that a voluntary joint petition entails two separate legal entities and, at least until consolidation is ordered, two separate estates" and applying that holding to an involuntary joint case). Although permitting two married individuals to file a joint petition, and conduct a joint bankruptcy case, there is nothing in § 302 of the Bankruptcy Code that automatically makes all of one spouse's property the property of the other spouse as well. Nor is there anything in § 302 to suggest that the filing of a joint case by husband and wife, as two debtors, results in the creation of only one bankruptcy estate under § 541. To the contrary, § 302(b) permits the Bankruptcy Court to determine to what extent, if any, the two bankruptcy estates should be consolidated. Until such time as the Bankruptcy Court has been asked to substantively consolidate the estates of these two Debtors and determines to substantively consolidate them, after due notice and process, the two estates of the Debtors remain separate. In this case, there has been no determination by the Bankruptcy Court to substantively consolidate the two estates of Daniel and Cheryl Lindstrom. Therefore, there is a separate bankruptcy estate for Daniel Lindstrom and a separate bankruptcy estate for Cheryl Lindstrom.

-4-

In his bankruptcy case, Daniel Lindstrom is permitted by Mich. Comp. Laws Ann. § 600.5451(1)(n) to exempt from property of his bankruptcy estate "[t]he interest of the debtor, the codebtor, if any, and the debtor's dependents, not to exceed $30,000 of value . . . ." The statutory language is clear enough in permitting Daniel Lindstrom to exempt his interest as the "interest of the debtor." What is not so clear is the language that then refers to the "interest" of the "codebtor" and the "interest of debtor's dependents." The Michigan statute does not define "codebtor," nor does the Bankruptcy Code.[2] It is not clear who is a "codebtor" for purposes of this new Michigan law. Nor is it clear from the language of this statute whether the legislature intended to permit a debtor in a bankruptcy case to somehow exempt from his or her bankruptcy estate a property interest of such "codebtor." If Cheryl Lindstrom is a "codebtor" of Daniel Lindstrom, and her interest in the residence does not become property of Daniel Lindstrom's bankruptcy estate under § 541, then Daniel Lindstrom cannot exempt Cheryl Lindstrom's interest in the residence from property of his bankruptcy estate. If an interest in property never becomes property of a debtor's bankruptcy estate, it of course follows that the debtor need not and cannot exempt such interest from property of his or her bankruptcy estate.

The Court finds the language in Mich. Comp. Laws Ann. § 600.5451(1)(n) to be ambiguous with reference to "codebtor." The Court also considers the language to be ambiguous with respect to whether the $30,000 maximum cap is applicable only to the debtor's interest or to the interest of the "codebtor" and the interest of the "debtor's dependents" referenced in Mich. Comp. Laws Ann.

---

[2] Sections 1201 and 1301 of the Bankruptcy Code are each entitled "Stay of action against codebtor." Although not defining "codebtor," these sections refer not to an individual who happens to be a debtor in a joint bankruptcy case along with another debtor, but instead refer to an individual, who although not themselves a debtor in a bankruptcy case, may be liable on a debt together with an individual who is a debtor in a bankruptcy case.

-5-

§ 600.5451(1)(n). Because the statute is ambiguous, the Court may look to legislative history in an attempt to determine the intent of the statute, and may consider the statute's policy implications in determining how to resolve the ambiguity. Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.), 203 F.3d 986, 988-89 (6th Cir. 2000).

There are few authorities to assist the Court. Because this statute is new, there are no reported decisions under it. At oral argument, the Trustee brought to the Court's attention a decision by one of the other bankruptcy judges in this district who sustained the Trustee's objection on similar facts, although without a written opinion. Neither the Trustee nor the Debtors provided the Court with any expression of legislative intent of the Michigan Legislature in enacting this new statute.[3] The only evidence of legislative intent that the Court has been able to find consists of a May 25, 2004 and a virtually identical January 6, 2005 Michigan House Fiscal Agency Legislative Analysis of House Bill 5763. See Mich. House Fiscal Agency, H.R. 92-5763, 2004 Reg. Sess. (Mich. 2004). These Analyses do not shed much light on who is a "codebtor" but, to the extent they reflect any thinking by the Michigan legislature, they are somewhat supportive of the Trustee's position. However, these Analyses also recite that they were "prepared by nonpartisan House staff for use by House members in their deliberations, and do[ ] not constitute an official statement of legislative intent." Id. The issue then is: did the Michigan legislature intend to permit an aggregate maximum exemption of $30,000 of interest in a homestead, or did it intend to permit each individual debtor to exempt up to $30,000 for such individual's interest in the homestead, plus another $30,000 for

---

[3] The Trustee did filed an affidavit of a state representative signed on September 14, 2005 in support of the Trustee's objection. However, the Court does not consider the affidavit to be useful in divining the legislative intent because it is not an expression of the legislature's intent at the time of the passage of the act, but is more in the nature of one legislator's after the fact explanation of what he believes the meaning of the words to be.

any "codebtor's" interest in the homestead, and yet another $30,000 for the interest of the "debtor's dependents" in the homestead?

Although the statute is ambiguous, the Court concludes that the only sensible reading is to limit the homestead exemption to an aggregate maximum of $30,000 and to hold that the spouse of a debtor who joins in a joint bankruptcy petition under § 302 of the Bankruptcy Code, although entitled to also elect his or her own $30,000 homestead exemption, is not entitled to add such $30,000 homestead exemption to their spouse's homestead exemption and thereby exceed the $30,000 cap under this statute. The Court reaches this result for several reasons.

First, it would be inconsistent with bankruptcy law, which defines property of a debtor's bankruptcy estate under § 541 of the Bankruptcy Code, to interpret the statute in a manner that permits a debtor to somehow exempt from his or her bankruptcy estate the property interests of a non-debtor. Daniel Lindstrom should be able to exempt up to $30,000 of his interest in the homestead but should not be able to exempt a property interest belonging to some "codebtor" or to his "dependents" when those individuals are not themselves debtors in a bankruptcy case and their property interests are not part of his bankruptcy estate.

Second, the extent of the legislative history, as reflected by the Michigan House Fiscal Agency Legislative Analysis, albeit sparse, does appear to support the Trustee's view.

Third, to enable the Debtors to "double" their homestead exemption under this new law would represent a significant departure from prior Michigan case law pertaining to homestead exemptions allowable under the Michigan constitution. As noted, this is a recently enacted statute and there are no published cases addressing it. The few cases that speak to the amount of Michigan's earlier homestead exemptions support the Trustee's interpretation. In Allen v. Crane, 116 N.W. 392

-7-

(Mich. 1980), the defendant and his wife claimed a homestead exemption, which at that time was set forth in the state constitution and limited to $1,500. The Michigan Supreme Court noted that the homestead exemption "was intended to secure against creditors a home, and, to a certain extent, the means of support to every family in the state." 116 N.W. at 394 (internal quotation marks and citations omitted). "When such homestead, in amount within the constitutional limit, is once established . . . the Constitution is a positive prohibition against levy and sale by the owner's creditors, unless it exceeds $1,500 in value." Id. (internal quotation marks and citations omitted). This reinforces an interpretation that, in Michigan, the exemption is unitary and protects the family home, not a dollar amount. The Allen court relied in part on Beecher v. Baldy, 7 Mich. 488 (1859). In Beecher, the Michigan Supreme Court observed that "[w]e are all agreed that the sum mentioned in the constitution [$1,500] is a limitation; that no homestead can be exempt as an entirety which . . . is worth a greater amount . . . ." 7 Mich. at 499. Finally, in In re Davis, 329 F. Supp. 1067 (E.D. Mich. 1971), a case pre-dating the Bankruptcy Code and the Michigan statute presently before this Court, the District Court for the Eastern District of Michigan was called upon to determine whether the homestead exemption under Article X, Section 3 of the Michigan Constitution of 1963 permitted a homestead exemption in the amount of $3,500 in the aggregate, or $3,500 for each spouse, where each spouse had filed a separate bankruptcy case. The District Court reversed the decision of the bankruptcy referee and held that the two debtors were allowed a single homestead exemption in the amount of $3,500 and not individual homestead exemptions in the amount of $3,500 which they could then "double." 239 F. Supp. at 1072.

Although the Lindstroms filed a joint bankruptcy petition and not separate bankruptcy cases as occurred in In re Davis, there are still two separate bankruptcy estates for the Lindstroms and the

-8-

Court is persuaded that the result would be the same. There is nothing in Mich. Comp. Laws Ann. § 600.5451(1)(n) that suggests that the Michigan legislature, although clearly intending to increase the allowed amount of a homestead exemption, also intended, without saying so, that for the first time, spouses in Michigan could also "double" the homestead exemption. Although the Michigan Legislature did not expressly state that doubling is not permitted, doubling would represent a change in Michigan law and it is not one that appears to be authorized either expressly or by implication in the new Michigan Statute.

Fourth, while it is easy to understand the policy behind the new statute of increasing the amount of the homestead exemption in Michigan to reflect the fact that the legislature has not addressed the permissible homestead exemption for over 40 years, it is unclear what policy would be served by interpreting this statute as permitting a debtor in a bankruptcy case to exempt $30,000 of his or her own interest, plus up to another $30,000 of their spouse's interest, plus up to another $30,000 of their dependent's interest. If carried to its logical conclusion, the Debtors' reading of this statute would permit in these cases the taking of a homestead exemption far in excess of $30,000 and dependent upon the interests of persons who are not debtors in the bankruptcy case themselves. Although the statute's reference to codebtor or to debtor's dependents may be useful in helping to define the class of persons who may live in a homestead, it serves no legislatively expressed policy regarding the maximum amount of value that the legislature intended to allow a debtor to exempt in such homestead from his or her bankruptcy estate.

Fifth, other than the facial ambiguity of the language in the statute, the Debtors can point to neither legislative policy nor case law even under the prior homestead exemption that in any way supports their position. While it is true that the Michigan statute does not expressly provide, as some

states do, that spouses may not "double" their homestead exemptions,[4] the fact that the statute does not expressly prohibit doubling is not sufficient reason standing alone to reach the result urged by the Debtors.

IV.

The Michigan statute's reference to the interest of a "codebtor," and to its implication that such "codebtor's" interest may be exempted from the bankruptcy estate of another individual filing bankruptcy, creates an ambiguity under Michigan law as to whether the $30,000 figure is intended to be an aggregate maximum amount that can be exempted in a homestead or a cap that is applicable with respect to the interest of each debtor, codebtor and dependent in the homestead. The Court concludes that the most sensible reading, consistent with prior Michigan law, and the most likely intended meaning of this statute, is to permit a $30,000 aggregate maximum homestead exemption and not $30,000 for each debtor, codebtor and dependent. Therefore, the Court sustains the Trustee's objections and holds that, in this case, if Daniel Lindstrom takes the entire $30,000 homestead exemption, then Cheryl Lindstrom is not entitled to any homestead exemption. By the same token, if Cheryl Lindstrom takes the entire $30,000 homestead exemption, then Daniel Lindstrom is not entitled to any homestead exemption. Whether they allocate the homestead

---

[4] For example, the Missouri homestead exemption expressly states that the homestead exemption shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under the subsection:

> The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.

Mo. Ann. Stat. § 513.475 (West 2002).

-10-

exemption between their two bankruptcy estates or whether one spouse takes all of the $30,000 exemption and the other spouse takes none, the point remains the same: the homestead exemption can only be utilized up to a maximum of $30,000 in a homestead. Because the Lindstroms have taken $52,000 as exempt under the statute, the sum of $22,000 under the exemption is disallowed. The Trustee shall prepare and submit a separate order.

PHILLIP J. SHEFFERLY
U.S. BANKRUPTCY JUDGE

Dated: **SEP 2 9 2005**

cc:    Tracy M. Clark-Flaherty
24901 Northwestern Hwy., Ste. 611
Southfield, MI 48075

Hugh Robert Pierce
25600 Woodward Ave., Ste. 216
Royal Oak, MI 48067

For publication

-11-